UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JORION GARRETT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 1047 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

On April 26, 2019, Jorion Garrett pleaded guilty in Criminal Case No.

4:18CR101 CDP to three counts of carjacking in violation of 18 U.S.C. § 2119(1),

and two counts of brandishing a firearm in furtherance of a crime of violence in

violation of 18 U.S.C. § 924(c)(1)(A).  I sentenced Garrett in August 2019 to an

aggregate term of 216 months' imprisonment.[1]  He did not appeal.  Garrett now

moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,

claiming that the United States Supreme Court's decision in *United States v. Davis*,

139 S. Ct. 2319 (2019), renders his § 924(c) convictions and resulting sentences

unconstitutional.  For the reasons that follow, I will deny Garrett's motion to

vacate.

First, Garrett waived his right to bring this claim by agreeing to the waiver

---

[1] The two brandishing counts each required a seven-year sentence, consecutive to one another and to the sentence for the carjackings.  18 U.S.C. § 924(c)(1)(A)(ii).

of post-conviction relief in his plea agreement.  In the plea agreement and as he acknowledged under oath at his guilty plea, Garrett explicitly waived the right to file post-conviction motions on any ground other than prosecutorial misconduct or ineffective assistance of counsel.  (*See* Case No. 4:18 CR101 CDP, ECF 93, 138.) Garrett's claim that his § 924(c) convictions and sentences were unconstitutional does not fall within either of the exceptions of his waiver.  And Garrett does not claim, nor does the record demonstrate, that his waiver and plea agreement were not entered into knowingly and voluntarily.  Accordingly, I may consider Garrett's post-conviction claim only if enforcing the waiver would result in a miscarriage of justice.  *See Johnson v. United States*, No. 4:10-CV-01531-CDP, 2011 WL 1559764, at *6 (E.D. Mo. Apr. 25, 2011) (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003)).  Because Garrett's claim is without merit on its face, no miscarriage of justice will result if I were to enforce the waiver and summarily dismiss the claim as waived.

Nevertheless, as just noted, Garrett's claim fails on its merits.  As relevant here, § 924(c) provides for an enhanced penalty to "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]"  18 U.S.C. § 924(c)(1)(A).  The statute defines a "crime of violence" as an offense that is a felony and:  "(A) has as an element the use, attempted use, or threatened use of

physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A) (known as the "elements" or "force" clause); or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B) (known as the "residual" clause). In *Davis*, the Supreme Court held that the residual clause, that is, § 924(c)(3)(B), is void for vagueness. Accordingly, with *Davis*, the only way a crime can qualify as a "crime of violence" for purposes of § 924(c) is under the "elements" (or "force") clause, that is, § 924(c)(3)(A).

Garrett's § 924(c) convictions here were based on his carjacking convictions, and carjacking continues to be a crime of violence under the "force" clause, § 924(c)(3)(A). *See Taylor v. United States*, 773 Fed. App'x 346, 347 (8th Cir. 2019) (per curiam) ("Notwithstanding the holding in *Davis*, we deny [movant's] request for relief under § 2255 because his carjacking conviction qualifies as a crime of violence under the force clause of § 924(c)(3)(A)."). *See also Darrington v. United States*, No. 4:20-CV-00490-DGK-2, 2020 WL 9596329 (W.D. Mo. Aug. 20, 2020) (collecting cases); *Whisnant v. United States*, No. 1:18CV00199 SNLJ, 2019 WL 3820927 (E.D. Mo. Aug. 14, 2019). Accordingly, because Garrett's § 924(c) convictions were based on the "force" clause of the statute and not on the residual clause, his claim that his § 924(c) convictions must be vacated on account of the Supreme Court's holding in *Davis* is without merit.

Because the record before me conclusively demonstrates that Garrett has no right to relief, I will not hold an evidentiary hearing in this matter. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). Nor do the interests of justice require that I appoint counsel to assist Garrett with his claim. *See* 18 U.S.C. § 3006A(a)(2)(B). Garrett has ably presented his claim to the Court, and the factual and legal bases of the claim are not complex. The appointment of counsel is not warranted in such circumstances. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *Scott v. United States*, No. 1:20-CV-00098 JAR, 2020 WL 5880360, at *1 (E.D. Mo. Oct. 2, 2020). I will therefore deny Garrett's motion for appointment of counsel.

Finally, given that Garrett has not made a substantial showing that he was denied a federal constitutional right, I will not issue a certificate of appealability in this action. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that movant Jorion Garrett's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that movant's motion to appoint counsel [6]

is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Garrett has not made a substantial showing of the denial of a federal constitutional right.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 29th day of October, 2021.